## Lonesome v. Lonesome

*A. Benjamin Johnson, Jr.*, for plaintiff.
*Malcolm W. Berkowitz*, for defendant.

DOTY, J., September 21, 1964.—This is an action in divorce which is before the court for consideration of the report and supplementary report of the master in which he recommends that a decree in divorce a. v. m. be granted to defendant on her counterclaim and that plaintiff's complaint be dismissed. No exceptions to the master's report have been filed but, because this is a novel proceeding, we deem it proper to set forth the reasons for our decision.

Plaintiff filed his complaint on July 15, 1963, praying for a decree of divorce a. v. m. On May 20, 1964, defendant filed an answer to plaintiff's complaint and also filed a counterclaim in which she prayed for a decree of divorce from the bonds of matrimony in her favor. Plaintiff filed a reply to defendant's counterclaim, and the matter came on for hearing before the master appointed by this court.

Plaintiff did not appear and presented no testimony before the master but was represented by counsel. On the other hand, defendant presented full and adequate testimony concerning her right to a decree of divorce.

In his first report, the master recommended a decree in favor of defendant but made no disposition of plaintiff's complaint. The matter was thereupon referred back to the master for report and recommendation concerning plaintiff's complaint. Subsequently, the master filed a supplemental report in which he recommended that plaintiff's complaint be dismissed and that a decree a. v. m. be entered in favor of defendant.

Until October 1, 1961, an action of this sort was not permissible, and defendant did not have the right to counterclaim in the same action for divorce. Pennsylvania Rules of Civil Procedure, rule 1130(b), which was adopted in August 1961, effective October 1, 1961, provides:

"The defendant may set forth in his answer under the heading 'counterclaim' a cause of action for divorce or annulment . . ."

It, therefore, appears that this is now a proper procedure, and defendant may now set forth a cause of action for divorce or annulment by counterclaim. We also conclude that the procedure to be followed is similar to that in an action of assumpsit. This conclusion is strengthened by reference to Pa. R. C. P. 1121(b), which states,

"Except as otherwise provided in this chapter, the procedure in the action" (referring to an action in divorce or annulment) "shall be in accordance with the rules relating to the action of assumpsit."

In the instant case, plaintiff filed his action but failed to press his suit. On the other hand, defendant did desire a forum to state her case and obtain the relief to which she felt she was entitled. We believe that the rules cited above eliminate the necessity for another

suit and provide a spouse who has been unjustly accused the same opportunity to present her case without the necessity of filing a separate action.

It is well settled that the Commonwealth is always an interested third party in all divorce actions, and the court must scrutinze the record carefully to determine whether there has been collusion in any particular case.

In this action, the master reported at length on this aspect of the case and was firmly convinced that no collusion existed. This is established in his discussion and also in his findings of fact and conclusions of law. We have considered the record carefully, and we see nothing to cause us to disturb the master's conclusion.

Accordingly, and for the reasons stated above, we enter the following

### Order

And now, September 21, 1964, the master's report and supplemental report are approved, and the findings and conclusions of the master are adopted as the findings and conclusions of this court.

Plaintiff's complaint is dismissed and defendant's counterclaim sustained.

Let final decree in divorce a. v. m. issue in favor of defendant and against plaintiff.